IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RENEE SHORTS-WATSON, )
)
      Plaintiff, )
)
v. ) Civ. No. 12-1713-SLR
)
SCHLEE & STILLMAN, LLC and )
ANDREW WHITEHEAD, ESQ., )
)
      Defendants. )

---

Renee Shorts-Watson, Pro Se Plaintiff. Newark, Delaware.

Andrew Whitehead, Esq. of Delmar, Delaware. Attorney for Defendants.

---

**MEMORANDUM OPINION**

March 12, 2013
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On December 17, 2012, Renee Shorts-Watson, a pro se plaintiff, filed suit against Schlee & Stillman, LLC and Andrew Whitehead, Esq. ("defendants"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and Delaware's Deceptive Trade Practices Act, 6 Del. C. § 2532 ("DTPA") . (D.I. 3) Presently before the court is defendants' motion for summary judgment.[1] (D.I. 8) Plaintiff has filed opposition to the motion.[2] (D.I. 10) For the reasons that follow, defendants' motion will be granted.

## II. BACKGROUND[3]

On February 13, 2012, defendant Schlee & Stillman, LLC ("S&S"), attorneys for Discover Bank, notified plaintiff that her account was referred for collection and that the debt would be assumed to be valid unless plaintiff disputed all or any part of the debt

---

[1] Although captioned as a motion to dismiss, defendants submitted matters outside the pleadings in support of their motion. (D.I. 8) The Federal Rules of Civil Procedure provide that, when a motion to dismiss is filed pursuant to Rule 12(b)(6) and matters outside the pleadings are presented to and not excluded by the Court, the matter shall be treated as one for summary judgment and disposed of as provided in Fed.R.Civ.P. 56. Fed.R.Civ.P. 12(d). Prior to considering the matters submitted outside the pleadings, the court afforded plaintiff notice and an opportunity to respond to the motion for summary judgment. (D.I. 11) Plaintiff has not filed a response to the motion for summary judgment.

[2] Prior to the court construing defendants' motion to dismiss as a motion for summary judgment, plaintiff filed a response to the motion to dismiss. (D.I. 10)

[3] This background is taken from the documentation provided by defendants. (D.I. 8) However, plaintiff's allegations in the complaint do not contradict the substantive events. (D.I. 3)

within thirty days after receipt of the letter. (D.I. 8 at ex.B) Plaintiff did not respond to this letter.

On July 2, 2012, S&S instituted a collection action against plaintiff in Justice of the Peace Court No. 9. (*Id.* at ex.A) On July 24, 2012, plaintiff sent S&S a "Notice of Dispute," wherein she disputed the debt, requested verification of the debt and information about the original lender, and sought validation of the charges and payment history. (*Id.* at ex.C) On August 9, 2012, S&S responded to plaintiff's validation request by sending monthly account statements from July 2008 until February 2012. (*Id.* at ex.D)

On September 13, 2012, plaintiff and defendant Andrew Whitehead, attorney for Discover Bank, appeared for trial in the Justice of the Peace Court. Plaintiff requested validation of the debt, specifically seeking the credit application and all account statements. As a result, the trial was postponed until December 20, 2012. On September 18, 2013, S&S sent plaintiff a second validation. (*Id.* at ex.E)

On December 20, 2012, the Justice of Peace Court conducted a bench trial on the allegations. (*Id.* at ex.F) After hearing testimony from the parties, the court awarded judgment in favor of Discover Bank and against plaintiff, in the amount of $1,977.91 plus court costs and post judgment interest. (*Id.*)

On December 17, 2012, plaintiff commenced this action.

## III. STANDARD OF REVIEW

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

3

matter of law. Fed.R.Civ.P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Federal Kemper Life Assurance Co.*, 57 F.3d 300, 302 n. 1 (3d Cir.1995) (citations omitted). In determining whether a genuine issue of material fact exists, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000) (citing *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554–55 (1990)).

If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed.R.Civ.P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir.1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is

entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The FDCPA was enacted "to eliminate abusive debt collection practices which contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir.2000) (citations and internal quotations omitted). As Congress has explained, "the purpose of the Act was not only to eliminate abusive debt collection practices, but also to 'insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993, 996 (3d Cir. 2011) (citing 15 U.S.C. § 1692(e)). In light of the inadequacy of the existing consumer protection laws at the time, Congress elected to give consumers a private right of action against debt collectors who fail to comply with the FDCPA's requirements. Lesher, 650 F.3d at 996–97.

The statute is remedial and must be construed broadly to give effect to its purpose. Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008). The court analyzes alleged violations of the FDCPA under the "least sophisticated debtor" standard. Brown v. Card Service Center, 464 F.3d 450, 453–54 (3d Cir. 2006). The "least sophisticated debtor" is an objective standard, and "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd." Wilson, 225 F.3d at 355 (quoting cases).

**IV. DISCUSSION**

Plaintiff contends defendants violated the FDCPA because: (1) they misrepresented the character, amount or legal status of the debt; (2) presented "documents as legal process when they are not;" and (3) used false representation or deceptive means to collect the alleged debt. (D.I. 3 at 3-4) She avers that S&S failed to provide proper validation because they sent "a screen print of an application not relating to the specific complaint."[4] (D.I. 10) Additionally, she argues, inter alia, that defendants' conduct violates the FDCPA, denies that the lawsuit at bar was filed in retaliation and suggests that the judgment against her is on appeal and irrelevant to this action. Plaintiff further alleges that defendants violated the DTPA by: (1) not obtaining the license required to collect a debt; and (2) attempting to enforce a right with knowledge that no right exists. (D.I. 3 at 4-7)

The uncontested record reflects that in February 2012, defendants wrote plaintiff to advise that her Discover Card account was referred to collection and explained, inter alia, the way to dispute the debt. (D.I. 8 at ex.B) There is nothing of record suggesting that defendants had any additional contact with plaintiff until July 2, 2012, when a collection action against plaintiff was filed in the Justice of Peace Court. (*Id.* at ex.A) There is no dispute that plaintiff was properly served with the summons and complaint.

Plaintiff requested validations on July 24, 2013 and September 13, 2012. In response, S&S provided validation of the debt on August 9, 2012 and September 19, 2013. Each validation lists the correct amount of the debt, the original creditor, as well as account statements reflecting payments and purchases. (D.I. 8 at exs.C & D)

---

[4] A copy of the screen print was not provided to the court.

5

On December 20, 2012, a Justice of the Peace presided over a bench trial, wherein each party had an opportunity to be heard. At the end of the trial, the court ruled against plaintiff and in favor of defendants. Although plaintiff suggests the matter is under appeal and, presumably, has no relation to the issues at bar, she has not provided any documentation to reflect a change in the Justice of the Peace court's decision or judgment. The court concludes that this record contains no evidence of any violation of the FDCPA.

With respect to the remaining claims premised on state law violations, summary judgment is also warranted because the DTPA does not require law firms to obtain debt collection licenses and the documentation of record demonstrates that there was a debt to be collected.

## V. CONCLUSION

For the reasons stated, defendants' motion for summary judgment is granted. An order shall issue.